UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROXANNE LEE EVERETT,

        Plaintiff,

-vs-

Case No. 10-

Hon.

BRISTOL WEST INSURANCE COMPANY,
BRISTOL WEST PREFERRED INSURANCE COMPANY,
and BRISTOL WEST INSURANCE GROUP,

        Defendants.
_____/

**JOHN T. ALEXANDER** (P43789)
Alexander & Angelas, P.C.
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025-4506
(248) 290-5600
john@alexanderandangelas.com

_____/

## CLASS ACTION COMPLAINT

## DEMAND FOR TRIAL BY JURY

NOW COMES the above-named Plaintiff, Roxanne Lee Everett, by and through her attorneys, Law Offices of Alexander & Angelas, P.C., and hereby complains against the above-named Defendants as follows:

## VENUE

1. That Plaintiff is a resident of the State of Michigan.

2. That Defendant, Bristol West Insurance Company, is a foreign corporation formed under the laws of the State of Ohio, and does business in the State of Michigan, and in particular the Eastern District of Michigan, Southern Division.

3. That Defendant, Bristol West Preferred Insurance Company, is a Michigan corporation formed under the laws of the State of Michigan, and does business in the State of Michigan, and in particular the Eastern District of Michigan, Southern Division.

4. That Defendant, Bristol West Insurance Group, on information and belief is a foreign corporation with headquarters in the State of Florida.

5. That Defendants are in the business of selling automobile insurance and do business in the State of Michigan and in particular the Eastern District of Michigan, Southern Division.

6. That this cause of action arose when Plaintiff purchased an automobile insurance policy from the Defendant in the Eastern District of Michigan, Southern Division.

7. That the Defendants are subject to personal jurisdiction in the Eastern District of Michigan, Southern Division.

8. That the amount in controversy which includes Plaintiff's damages and potential damages to other similarly situated insureds who also purchased similar uninsured motorist coverage contained in the automobile insurance policy sold by Defendants is in excess of Seventy-five Thousand ($75,000.00) dollars.

9. That this Court has jurisdiction pursuant to 28 USC § 1332 and § 1391.

10. That this Court also has original jurisdiction regarding claims under 18 USC § 1961 et seq, the Racketeer Influenced and Corrupt Organizations Act (hereinafter referred to as "RICO").

## GENERAL ALLEGATIONS

11. That Plaintiff, Roxanne Lee Everett, and numerous other individuals purchased $20,000.00 Underinsured Motorist Coverage (hereinafter referred to as "UIM") from Defendants (hereinafter referred to as "Insureds").

12. That Plaintiff, Roxanne Lee Everett, and other insureds, paid an additional Two ($2.00) dollar premium for the UIM coverage.

13. That the purported UIM coverage contained in Plaintiff's insurance policy and for other similarly situated insureds obligated the Defendants to pay a Twenty thousand ($20,000.00) dollar coverage limit if they were hit and injured by a driver who did not maintain adequate insurance.

14. That this $20,000.00 UIM coverage was illusory because it would be impossible for Plaintiff, Roxanne Lee Everett, and other similarly situated insureds to ever make a recovery.

15. That the reason Plaintiff, Roxanne Lee Everett, and other similarly situated insureds would never recover any monies under the illusory $20,000.00 UIM is because Defendants' insurance policy will only pay the UIM benefit if the "sum of all applicable limits of liability for bodily injury is less than the coverage limit for underinsured motorist coverage shown on the declaration's page."

16. That Plaintiff, Roxanne Lee Everett, and other insureds who purchased the $20,000.00 UIM coverage would never recover if struck and injured by another Michigan driver with insurance because Michigan law requires a minimum automobile liability limit of $20,000.00.

3

17. That pursuant to MCL § 500.3163 an insurer authorized to sell automobile liability insurance in the State of Michigan must file a written certification that any accidental bodily injury occurring in Michigan arising from the ownership, operation, or use of a motor vehicle by an out of state resident who is insured by an admitted insurer is subject to Michigan's financial responsibility laws.

18. That upon information and belief only twelve (12) states permit automobile liability limits of less than $20,000.00; however, pursuant to MCL § 500.3163 if a driver from one of these states insured by an admitted insurer causes a personal injury motor vehicle accident in the State of Michigan, the out of state automobile policy of the admitted carrier must provide $20,000.00 in minimum liability coverage by operation of MCL § 500.3163.

19. That if Plaintiff, Roxanne Lee Everett, and/or other similarly situated insureds who purchased the $20,000.00 UIM benefit were struck by a Michigan driver with insurance, or an out of state driver insured by an admitted insurer, the other driver, by law, would have at least a $20,000.00 liability limit which would negate the purported UIM coverage in Defendants' policy.

20. That a driver or vehicle owner with less than $20,000.00 worth of liability insurance would have to be from a minority state which permits less than $20,000.00 in liability coverage and would have to be insured by an insurance carrier which is a non-admitted insurer within the meaning of MCL § 500.3163.

21. That in the *extremely* unlikely event a driver from another state carrying less than $20,000.00 worth of insurance on their vehicle and insured by a non-admitted insurer caused a personal injury motor vehicle accident in the State of Michigan to the Plaintiff, Roxanne Lee Everett, or other similarly situated insureds, the UIM coverage would still not apply

because Defendants' insurance policy defines an *"uninsured motor vehicle"* (as opposed to an *underinsured motor vehicle*) as "insured by a bodily injury liability bond or policy which provides less than the minimum limits required by the financial responsibility law of the State of Michigan."

22. That, therefore, in the *extremely* unlikely event that Plaintiff, Roxanne Lee Everett, or other similarly situated insureds of the illusory $20,000.00 UIM benefit sold by Defendants were struck by a driver carrying less than a $20,000.00 liability limit, this would be defined as an "uninsured motor vehicle" by the terms of Defendants' policy and would be covered by a separate coverage for which the Plaintiff, Roxanne Lee Everett, and other similarly situated insureds paid a separate premium.

## COUNT I

### FRAUD AND MISREPRESENTATION

23. That Plaintiff realleges and reafirms by reference herein paragraphs 1 through 22 above as though more fully set forth herein.

24. That under Michigan law, the relationship between insured and their insurer is sufficient to permit fraud to be predicated upon a misrepresentation.

25. That under Michigan law, there arises a duty of an insurance company not to deceive its insureds.

26. That Plaintiff, Roxanne Lee Everett, and other similarly situated insureds who purchased Defendants' illusory UIM coverage were deceived because an extra premium was charged with no possible factual scenario obligating Defendants to pay the UIM benefit.

27. That Defendants made a material representation that Plaintiff, Roxanne Lee Everett, and other similarly situated insureds who purchased the Defendants' illusory UIM coverage would have a $20,000.00 potential benefit, when in fact they did not.

28. That this representation was false because there is no possible scenario where this $20,000.00 UIM benefit would be paid.

29. That Defendants knew that the $20,000.00 UIM benefit was false or illusory and/or recklessly placed it in their policy without any knowledge of its truth.

30. That Defendants offered the illusory $20,000.00 UIM coverage in its policy with the intention that Plaintiff, Roxanne Lee Everett, and other similarly situated insureds would act upon it by purchasing UIM coverage at an additional premium.

31. That Plaintiff, Roxanne Lee Everett, and other similarly situated insureds acted in reliance upon this false representation and paid the extra premium for the illusory UIM coverage.

32. That Plaintiff, Roxanne Lee Everett, and other similarly situated insureds suffered injury by paying for an illusory coverage.

## COUNT II

## RICO

33. That Plaintiff realleges and reafirms by reference herein paragraphs 1 through 32 above as though more fully set forth herein.

34. That 18 USC § 1961 defines racketeering activity as involving fraud through the mails (18 USC § 1341 Frauds and Swindles).

35. That the selling of illusory UIM coverage, receiving payment and offering no benefit, is a fraud and swindle which is defined by 18 USC § 1341 as a scheme or artifice to defraud or

for obtaining money or property by means of false or fraudulent pretenses… by the postal service.

36. That Defendants defrauded the Plaintiff and other similarly situated insureds when they received a $2.00 premium for UIM coverage for a benefit which would never have to be paid.

37. That pursuant to 18 USC § 1964 civil remedies available to Plaintiff, Roxanne Lee Everett, and other similarly situated insureds include reasonable attorney fees, and treble damages.

## COUNT III

### CONSTRUCTIVE OR SILENT FRAUD

38. That Plaintiff realleges and reafirms by reference herein paragraphs 1 through 37 above as though more fully set forth herein.

39. That the selling of the illusory UIM coverage to Plaintiff, Roxanne Lee Everett, and other similarly situated insureds in the State of Michigan is a breach of the Defendants' legal or equitable duty not to deceive the Plaintiff, Roxanne Lee Everett, and other insureds.

40. That the Defendants represented to the Plaintiff, Roxanne Lee Everett, and other similarly situated insureds that the $20,000.00 UIM coverage could potentially provide a benefit.

41. That unbeknownst to the Plaintiff, Roxanne Lee Everett, and other similarly situated insureds who purchased the illusory $20,000.00 UIM coverage, they could never avail themselves of that benefit.

42. That the Defendants failed to disclose to Plaintiff, Roxanne Lee Everett, and other similarly situated insureds who purchased the illusory $20,000.00 UIM coverage, the material fact that there could never be a claim paid under that coverage.

43. That Defendants knew at the time of their representations that the UIM coverage being offered was false or illusory and/or offered the UIM coverage recklessly or without any knowledge of its truth.

44. That Defendants offered the illusory $20,000.00 UIM coverage in its policy with the intention that Plaintiff, Roxanne Lee Everett, and other similarly situated insureds would act upon it by purchasing UIM coverage at an additional premium.

45. That Plaintiff, Roxanne Lee Everett, and other similarly situated insureds acted in reliance upon the constructive or silent fraud perpetrated by Defendants and paid an extra premium for the illusory UIM coverage.

46. That Plaintiff, Roxanne Lee Everett, and other similarly situated insureds suffered injury by paying for an illusory coverage that would never be paid.

## COUNT IV

## UNJUST ENRICHMENT

47. That Plaintiff realleges and reafirms by reference herein paragraphs 1 through 46 above as though more fully set forth herein.

48. That the Defendants in selling an illusory UIM benefit received premiums from Plaintiff, Roxanne Lee Everett, and other similarly situated insureds by way of an additional premium.

49. That Defendants have been unjustly enriched by receiving these premiums for the illusory UIM benefit.

50. That the Defendants received a benefit from the Plaintiff, Roxanne Lee Everett, and other similarly situated insureds of the illusory UIM benefit and inequity resulted to the Plaintiff, Roxanne Lee Everett, and other insureds of this illusory benefit.

## COUNT V

## BREACH OF CONTRACT

51. That Plaintiff realleges and reafirms by reference herein paragraphs 1 through 50 above as though more fully set forth herein.

52. That the Plaintiff and other similarly situated insureds were competent to contract with the Defendants for automobile insurance coverage.

53. That the Plaintiff and other similarly situated insureds paid a $2.00 premium for the $20,000.00 UIM coverage.

54. That in consideration for the $2.00 premium the Defendants agreed and was obligated to provide $20,000.00 of UIM coverage.

55. That Defendants breached this agreement because there is no factual scenario were Defendants would ever pay to the Plaintiff or the similarly situated insureds the $20,000.00 UIM benefit.

56. That as a result of the breach of the contract, the Plaintiff and other similarly situated insureds suffered damages as set forth, *infra*.

## COUNT VI

## CLASS ACTION ALLEGATIONS

57. That Plaintiff realleges and reafirms by reference herein paragraphs 1 through 56 above as though more fully set forth herein.

58. That the Defendants received approximately Forty Million ($40,000,000.00) dollars annually in premiums from Michigan residents which creates a class so numerous that joinder of all numbers is impractical. (FRCP 23A1).

59. That the question of whether the Defendants offered illusory UIM insurance coverage and defrauded the Plaintiff, Roxanne Lee Everett, and other similarly situated insureds involves questions of law or fact which are common to the entire class.

60. That the claims or defenses of the representative class parties are typical of the claims or defenses of the entire class.

61. That the prospective Plaintiff class representative, Roxanne Lee Everett, will fairly and adequately protect the interest of the entire class.

62. That Defendants and/or their affiliated companies write insurance policies in several other states and residents of these states may be class members as well.

63. That prosecuting the multitude of separate actions by or against individual class members would create a risk of inconsistent or variant adjudications with respect to individual class members and would establish incompatible standards of conduct for the party opposing the class.

64. That the questions of law or fact common to class members predominate over any questions effecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## COUNT VII

### VIOLATION OF PUBLIC POLICY

65. That Plaintiff realleges and reaffirms by reference herein paragraphs 1 through 64 above as though more fully set forth herein.

66. That the Defendants' acts of fraudulently, negligently and/or omittingly inducing the Plaintiff, Roxanne Lee Everett, and other similarly situated insureds to pay a premium for UIM coverage which provided an illusory benefit is a violation of public policy.

67. That the continued acts of the Defendants of fraudulently, negligently and/or ommittingly inducing the Plaintiff, Roxanne Lee Everett, and other similarly situated insureds to pay a premium for UIM coverage which provided an illusory benefit is a violation of public policy.

### DAMAGES

68. That Plaintiff realleges and reafirms by reference herein paragraphs 1 through 67 above as though more fully set forth herein.

69. That Plaintiff, Roxanne Lee Everett, and other similarly situated insureds who purchased Defendants' illusory UIM insurance coverage request the following damages:

    a.  Actual damages;

    b.  Attorney fees;

    c.  Treble damages;

    d.  Court costs; and,

    e.  Interest.

### RELIEF REQUESTED

WHEREFORE, Plaintiff, Roxanne Lee Everett, respectfully requests an order granting class certification of this action, actual damages, treble damages, attorney fees, court costs, and interest as permissible by law, together with an Order enjoining Defendants from further offensive conduct in violation of public policy, fairness and equity.

Respectfully submitted,

Law Offices of
ALEXANDER & ANGELAS, P.C.

By: s/John T. Alexander
  JOHN T. ALEXANDER (P43789)
  Attorney for Plaintiff
  30200 Telegraph Road, Suite 400
  Bingham Farms, MI 48025
  (248) 290-5600
  john@alexanderandangelas.com

DATED: May 5, 2010

## JURY DEMAND

NOW COMES the above named Plaintiff, Roxanne Lee Everett, by and through her attorneys, Law Offices of Alexander and Angelas, P.C., and hereby demands a trial by jury.

Law Offices of
ALEXANDER & ANGELAS, P.C.

By: s/John T. Alexander
  JOHN T. ALEXANDER (P43789)
  Attorney for Plaintiff
  30200 Telegraph Road, Suite 400
  Bingham Farms, MI 48025
  (248) 290-5600
  john@alexanderandangelas.com

DATED: May 5, 2010